MARSHALL'S LESSEE *vs.* GREENFIELD.—*December*, 1836.

Any informality in the proceedings of a sheriff upon an execution, are examinable on motion, upon its return.

A judicial sale, made by a sheriff, for the purpose of carrying into effect the judgment of a competent tribunal, is a proceeding which the law regards with favour, and although it will not give effect to an instrument or paper, executed by such officer, if its terms are unmeaning, or so entirely vague as to make it uncertain what was intended; yet every reasonable intend-

. ment will be made to secure *bona fide* purchasers, and to effectuate the object, which it was the duty, and as the law presumes, the design of the officer to accomplish.

The presumption in such a case is, at least, as proper and strong as in the case of a grantee claiming against a grantor, when the utmost effect is given to the terms of the grant, *ut res magis valeat quam pereat.*

In an action of ejectment by a party claiming under a sheriff's sale, the following description, in the schedule of the property sold, was held to be sufficient:

"To one, of land, called and known by the name of 'Indian Creek, with Addition,' containing 217 acres, more or less."

APPEAL from *St. Mary's* county court.

This was an action of *ejectment*, brought by the lessee of *Hanson* and *Henry Marshall* against *Sarah Greenfield*, for a tract of land called "*Indian Creek with Addition.*" The declaration was filed on the 6th of *July*, 1830, and counted on a demise from the 31st *December*, 1829, for ten years. *Sarah Greenfield* appeared, pleaded not guilty, and took defence on warrant. Issue was joined on this plea. A warrant of resurvey was issued, and plots returned.

At the trial of the cause it appeared, that in an action of debt, instituted on the 18th July, 1809, by *Thomas Marshall* and *John Forbes* against *Thomas Greenfield*, the plaintiffs recovered judgment in *St. Mary's* county court, on the 8th of August, 1809, with a stay for twelve months; and that the docket and all the original papers and proceedings in the said cause, were burnt in the court-house of the said county. The plaintiff then gave in evidence the following extract of docket entries of *fi. fa.*

*Marshall and Forbes*⎫  Extract of record of *fieri facias.*
      vs.      ⎬Levied as per schedule, and sold to
*Thomas Greenfield.*⎭  plaintiffs' agent for    -   $500
                        JOSEPH GOUGH, *Sheriff.*

The schedule mentioned in the above return is as follows:

"The schedule of property of *Thomas Greenfield*, taken by a writ of *fi. fa.* to satisfy a debt due *Marshall* and *Forbes*, after being duly summoned and sworn by the sheriff, this 17th *April*, 1812. To one—of land, called and known by the

name of "*Indian Creek with Addition*," containing 217 acres, more or less, for    -    -    -    -    -    $2,170

JOSEPH GOUGH, *Sheriff*,

WILLIAM ESTEP, JOSHUA ESTEP.

*Test*, JOSEPH HARRIS, *Clerk*.

The plaintiff first proved by the said clerk, that it was a true copy, taken of the original entries of the said judgment and papers, in the said judgment of *Forbes and Marshall vs. Thomas Greenfield*, before the burning of the said court-house; and then proved, that the said *John Forbes* departed this life ten or fifteen years past, and that *Thomas Marshall* survived, but died before the institution of the suit in this case, leaving the plaintiffs his only heirs at law; and that the defendant was the wife of the said *Thomas Greenfield*, who died in possession of the lands in controversy, and that the said defendant has continued in the possession of the said lands since the said *Greenfield's* death.

The defendant then prayed the court to instruct the jury, that the levy on the said land, so as aforesaid made by the said *Joseph Gough*, as sheriff, was void for uncertainty, and that the said sale was void; which said instructions the court (*Stephen*, *Ch. J.* and *Key*, *A. J.*) gave to the jury. The plaintiff excepted, and the verdict being for the defendant, the present appeal was prosecuted.

The cause was submitted by the counsel on notes, to BUCHANAN, Ch. J. and ARCHER, DORSEY, CHAMBERS and SPENCE, Judges of this court.

McMAHON, for the appellant:

The plaintiff claims the land in controvery under a sheriff's sale, upon a judgment obtained against *Thomas Greenfield*, the husband of the defendant, at the suit of *Marshall and Forbes*. The proceedings in the action in which this judgment was obtained, down to the *fi. fa.* the schedule of the property seized under it, and the sale of the property levied upon, were all proved by sworn copies, in conformity to the

act of 1831, chap. 175, passed in consequence of the loss of the records by the burning of *St. Mary's* county court-house.

It is unnecessary to say any thing about the admissibility of the proof of the sale, as the record does not present any such question. The proof was received without objection; and the sole question in the case is as to the sufficiency of the description of the property sold. The proof of the sale, and the description of the property sold, are contained in the docket entries of the proceedings on the *fi. fa.* and the schedule of the levy under it.

No objection whatever is made to the sufficiency of the proof of the sale; but conceding the sale to have been made, and to have been *properly* proved, the counsel for the defendant prayed the court to instruct the jury, " that the levy on the said land so as aforesaid made by the said *Joseph Gough,* as sheriff, was void for uncertainty, and that the said sale was void," which instruction the court gave, and the appeal is from that instruction.

Hence the only question before this court is, whether the sale of the land by the description contained in the schedule is void for uncertainty. The uncertainty, if any, arises from the words, " to *one* of land," called, &c.; and from the omission or supposed omission of the substantive to which the word " *one*" refers. In this case, however, there is a full and sufficient description of the property levied upon and sold, even if the words " *one of,*" be wholly rejected. The property is described both by its name and the quantity of acres. The description is, of " property called and known by the name of *Indian Creek with Addition,* containing 217 acres, more or less;" and if this stood alone in a deed, or as the description of the property in an action of ejectment, it would clearly be sufficient. The description by its name alone would be sufficient, as it is such as would, in the absence of proof that there was any other piece of land of the same name belonging to the debtor, enable the grantee to identify it, or the sheriff to deliver possession of it; and in the case of there being two tracts of land of same name, belonging to him,

would let in parol proof to show which was intended to be granted.

If then, this description by name and quantity of acres applies to the thing or *property sold*, the description is sufficiently certain, and clearly cannot be vitiated by the previous imperfections. Whether the word omitted, was " tract," or " parcel," or " farm," is wholly immaterial, upon the rule applicable to descriptions of property, in grants or ejectments, "*Utile per inutile non vitiatur.*" And the only mode in which this sufficient description, by name and quantity of acres can be gotten rid of is by the court's making the intendment, that the word omitted, and which ought to have followed immediately after the word "one," was one which would have shown that this description did not apply to the thing levied upon and sold; as for instance, by intending that the levy was on one moiety, or one-third part of the land, called, &c. In other words, the court must intend that the levy and sale was only of a part of the property as described by name and acres.

Now what would be the effect of such an intendment? The proof of the sale not resting in parol, the intendment would be of an omission, which rendered the description in the schedule entirely inapplicable to the property actually sold; therefore made the sale void; and it would also be an intendment of the omission of words, which if actually inserted in the schedule according to such intendment, would still leave the same uncertainty, and produce the same result in rendering the sale void. For if the word to follow the word " one" were intended to be a word applying only to a portion of the property, as one moiety, or one-third of the tract, the sale being of a portion of a tract without a particular description of it, it would be void for uncertainty, as this court have determined in many cases. The court would, therefore, be called upon to make an intendment, which would not only defeat the sale in toto, because of the omission, but also that if even the words intended were there, the description would still be uncertain : Therefore, to presume that the sheriff, if

45     v.8

no omission had been made, would have made an insufficient levy and sale, contrary to his duty.

But the contrary rule is well settled, that the court will not only *not* make intendments to defeat grants or sales, but will, on the contrary, make every reasonable intendment in support of them, and to give them some effect; as where property is sufficiently described, but an erroneous location is given to it, or it is erroneously described to be in possession of certain persons, the courts will reject these erroneous descriptions to give effect to the grant. 3 *Bacon's Abr.* 389. . *Title Grant,* *H. Ld. Ellenborough's* opinion in 5 *East.* 79, 80. Or, where once certainly described, it shall not be vitiated by the addition of an uncertainty or another certain but erroneous description. *Plowden,* 191; and 8 *East.* 103, adopting the rule there laid down.

But the court find in this schedule a description by name and quantity, and can they intend that this description applies to any thing but the property in fact levied upon and sold? For what other purpose was the description inserted, if not descriptive of the property levied upon? Will the court intend that it was there inserted for the purpose solely of explaining or qualifying another description, which is wholly omitted. For the former purpose, the description is intelligible and useful; but for the latter, it would be wholly useless, for let the court intend what word they may, as following the word "*one,*" and denoting merely a part, and not the whole of the property described as one moiety, or one-fourth, &c.; and still there would be no sufficient description. It will be perceived also, that the description of the property sold, is contained in the schedule of the property *as levied upon;* and the question is, not merely whether the court will intend that the *sale* was of part of the land as described, and that the word omitted would have shown this: but also, that contrary to the conduct, usage, and I may almost say, the duty of the sheriff, the *levy* in the first instance, was not on the whole tract, but only on a part of it. Although it is the duty of the sheriff, only to sell so much of the tract as is sufficient to pay

the judgment, yet it is the uniform usage to *levy* on the whole tract, and then to sell out of it what is necessary; and the description here is found in the *levy*.

But if the present was a case for intendment or conjecture as to the word omitted, the description we have in the schedule shows clearly that that description applies to the property levied upon, and that the word omitted applied to the whole property so described, and was in fact, the word "tract," or "parcel," or "farm." This appears clearly by the context. The words in the schedule are, "one, of land, called and known, &c." Insert the word tract, parcel, or farm, or some like word, applying to the whole property afterwards described by name and quantity of acres; and the schedule is intelligible. But insert any word denoting only a part of the property described, as one moiety, or one-fourth, and it would then read, "one moiety of land, called, &c. or one-fourth of land," instead of "one moiety of a tract of land, &c." the ordinary and appropriate manner in which a part would be described. It is evident therefore, that the words "*of land*" in the schedule, were intended to have for their *antecedent* in the place where the omission appears, and in connection with the word "*one*," some word denoting the *entire object or property* to which the subsequent description applies.

In this case however, the appellants do not require any intendment to support their title. They have in the schedule a sufficient description by name and acres, which will be good if the word "one" for the want of the substantive which it was intended to govern, be entirely rejected; and they desire only that the description which is good be not destroyed by that which is imperfect, and that intendments be not made to overthrow it, and to render the sale wholly void, which are at war with the language of the schedule, the duty of the sheriff, the uniform usage of making levies, and the benign rules of construction applicable to all grants.

TUCK and J. M. S. CAUSIN, for the appellee.

If the schedule relied upon by the appellant does not sufficiently describe the premises in question, then this court will affirm the judgment.

No fixed rule exists as to the manner of describing the premises in actions of ejectment; but it is generally held that the description must be at least so certain as to enable the sheriff to deliver possession after judgment. *Fenwick vs. Floyd's lessee*, 1 *Har. and Gill.* 172. Upon this principle it is clear that the plaintiff cannot recover. The writ of possession must recite the recovery in ejectment or according to the verdict and judgment. How then could the sheriff under a writ containing the description set out in the schedule, know what land to put the plaintiff in possession of? If it be left to him to execute the writ at his peril, he may choose to deliver possession of one-fourth, one-half, divided or undivided, or of all the land he may find called "*Indian creek with Addition*," according to his own sense of the proper word to be used to supply the omission of a predecessor in the year 1812, or if he act under an indemnity from the plaintiffs and under their direction, his only guide would be the most enlarged estimate of their own rights. In either case injury might occur to innocent third persons.

The appellants contend that the schedule contains a sufficient description by name and number of acres, if the words "*one of*," for want of their substantive be entirely rejected. If the description were good, but the schedule contained words of addition, as to location or occupancy founded in error, then the court might look only to the certainty, and disregard the other words. But in this case the schedule must be taken altogether. The court cannot reject any part, or the words composing any part as surplusage—because the part supposed to be rejected is of the very essence of the return itself. They are not words of addition or of allegation, rendering uncertain and indefinite that which was *before* sufficiently ascertained. And in the cases referred to by the appellants' counsel, there were previous certain descriptions of the property granted, which would have been entirely

destroyed by the subsequent words. If the principle of those cases be extended to this, then in all cases of inconsistent grants, might courts reject what they pleased, so as to render the deed operative and good as to the whole or part of the property conveyed.

Nothing can be disregarded which may have been in the contemplation of the sheriff in making this return. If he had intended to levy on the whole tract of land, in the manner insisted upon by the appellants, he need only to have omitted the words "*one of*." But he has thought proper to introduce these words. We must, therefore, suppose he had some design in so doing; else we cannot presume in favour of a proper discharge of his duty. It is not necessary that we should ascertain what that design was, unless the return itself indicates it. Here it does not. He may have intended to take one undivided half or other interest in the land, (and such a levy and return would be good,) and the present defendant may have held the other undivided interest. Will this court presume that he intended to take the whole tract, and permit the plaintiffs to recover. When the recovery must also deprive the defendant of land belonging to herself in her own right?

The certainty required goes as well to the interest of the party in the land, as to the quantity and location thereof. And the plaintiffs must shew, not only the particular lands claimed, but the estate which he has in them. Does it appear from the sheriff's return, what legal estate *Thomas Greenfield* held in the land in question? No.—Could then the plaintiffs (claiming under that return,) shew what interest or estate they had purchased? Certainly not. And the jury would have been entirely without any guide, to enable them to find for the plaintiff, any distinct and certain estate in the property in dispute.

The court are not compelled to make a presumption, if any be made, as is contended for by the appellants, which would be an intendment of "an omission by the sheriff, of words, which if actually inserted in the schedule according to such

intendment, would still leave the same uncertainty, and produce the same result in rendering the sale void." There are other words, besides " tract," " parcel," and " farm ;" which if inserted would have made the return good. We are not to presume that the sheriff meant to use words implying that a portion only of the land was levied on. We may make another intendment, which will perfect the return. He may have intended to take in execution, and to sell an undivided half, fourth, or eighth, or some interest as tenant in common, or joint tenant. But as there is nothing to designate the interest or estate he designed to seize, and as the court cannot determine what omission he has made, they cannot assist the return of the sheriff, or supply any omission by intendment; and the schedule must be adjudged void for uncertainty.

The court will also perceive, that the party defendant, was a stranger in interest, and not bound, as a representative of *Thomas Greenfield*, by any of his acts; and the intendment the appellants wish them to make, would go to divest the legal possession of one not appearing to be bound by the return of the sheriff. Had *Thomas Greenfield* been the defendant in this case, the court might have applied to the return, the construction they give to deeds—that in phrases of doubtful meaning, the terms shall be construed most strongly against the grantor. But this rule cannot apply to the case of a stranger, who, for all that appears to the court, might have claimed by title paramount, or adverse to *Thomas Greenfield*.

CHAMBERS, Judge, delivered the opinion of the court.

This is a judicial sale, made for the purpose of carrying into effect the judgment of a competent court. The levy and sale were made by an acknowledged officer, in the regular course of duty, and no exceptions appear to have been taken to his proceedings for want of form, at the return of the execution, when on motion, any informality would have been examinable. The law regards such a proceeding with favour, and although it will not give effect to an instrument, or paper

executed by such officer, if its terms are unmeaning, or so entirely vague, as to make it uncertain what was intended, yet every reasonable intendment will be made to secure *bona fide* purchasers, and to effectuate the object, which it was the duty, and as the law presumes, the design of the officer to accomplish. The presumption in such a case, is at least as proper and as strong as in the case of a grantee claiming against a grantor, when the utmost effect is given to the terms of the grant, *ut res magis valeat quam pereat.* It is admitted, and cannot be denied, that if this were the case of grantee against grantor, the whole tract would pass.

The rights of the defendant are not concluded in any respect by this construction. If she has a title, the sale will not affect it; if she has none, that fact presents no claim, upon which to entitle her to lessen the favour with which the law regards the proceedings of its officer, to change the presumption by which his acts are supposed to be rightly performed, or to narrow the construction given to his grant.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.